UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:10-CR-400-T-17TGW

MILTON COSSIO.

_____/

ORDER

This cause is before the Court on:

Dkt. 176    Motion to Alter or Amend the Judgment/Order Under Rule 59(e)

Defendant Milton Cossio, pro se, seeks reconsideration of the Court's Order denying Defendant Cossio's Motion to Compel the United States to File a Rule 35 Motion Reflecting Defendant's Substantial Assistance (Dkt. 173).

I.    Standard of Review

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: " (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,

Case No. 8:10-CR-400-T-17TGW

123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., 2005 WL 1053691 (citing Lamar, 189 F.R.D. at 489 (M.D. Fla. 1999)).

II. Discussion

Defendant Cossio again asserts that Defendant Cossio has rendered substantial assistance. Defendant Cossio argues that Defendant has fulfilled Defendant's end of the bargain as outlined in the Plea Agreement, without breaching Defendant's promise to provide truthful testimony.

After consideration, the Court adopts and incorporates the Court's prior Order. (Exh. 1) (Dkt. 173). The Government has not filed a Rule 35 Motion, and Defendant Cossio has not asserted that the Government refuses to file a Rule 35 Motion due to an impermissible motivation. Accordingly, it is

**ORDERED** that Defendant Milton Cossio's Motion to Alter or Amend the Judgment/Order Under Rule 59(e) (Dkt. 176) is **denied.**

Case No. 8:10-CR-400-T-17TGW

**DONE and ORDERED** in Chambers in Tampa, Florida on this 18th day of August, 2017.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Milton Cossio
# 53447-018
McRae Correctional Institution
P.O. Drawer 55030
McRae, GA   31055